**Benito Perez LOPEZ; Maria Remedios Rodriguez, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 10–71170.**

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2012.*

Filed April 19, 2012.

Benito Perez Lopez, Anaheim, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

Maria Remedios Rodriguez, Anaheim, CA, pro se.

Ari Nazarov, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, PAEZ, and BEA, Circuit Judges.

MEMORANDUM **

Benito Perez Lopez and Maria Remedios Rodriguez, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo claims of due process violations. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely because the motion was filed more than two years after the final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners failed to establish the due diligence required for equitable tolling of the filing deadline, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003).

*See* Fed. R.App. P. 34(a)(2).

In light of our disposition, we need not reach petitioners' remaining contentions.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is